UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID A. GREEN, § | |
| § | |
| Plaintiff, § | |
| VS. § | |
| § | |
| TRINH DANG LA, Individually and d/b/a § | |
| FIDELITY NATIONAL TITLE § | |
| INSURANCE COMPANY FEE OFFICE § | |
| # 72, § | |
| FIDELITY NATIONAL TITLE § | CIVIL ACTION NO. H-05-2097 |
| INSURANCE COMPANY, § | |
| and § | |
| CONNIE HASSELBRING, Individually § | |
| and as an Agent, Servant, and Employee of § | |
| FIDELITY NATIONAL TITLE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's amended motion for reconsideration pursuant to FED. R. CIV. P. 59(e). After reviewing the motion, Docket No. 32, and the applicable law, the Court finds that the motion should be and hereby is **DENIED**.

Despite the Court's prior rulings on the subject, Plaintiff continues to argue the issue of service of process, citing – for the first time, in his amended motion – TEX. R. CIV. P. 122. The Court reminds Plaintiff's attorney that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Plaintiff's attempt to reargue the issue until he receives his desired result is inexcusably wasteful of both time and resources.

Plaintiff was afforded ample opportunity to express and support his position regarding service at the hearing held on that issue. He was then granted an extension of time within which to cure the service that was found to be defective. Instead of availing himself of that option, which expired on December 12, 2005 (*see* Docket No. 17), Plaintiff filed a motion for default judgment that, this Court determined, was submitted in bad faith. He cannot now avoid the consequences of his actions by demanding, at this late date, that the Court entertain new arguments concerning an issue that has long since been resolved.

Plaintiff also states, in his motion, that the Court erred in dismissing his claims against Defendant Hasselbring with prejudice. He points out that FED. R. CIV. P. 4(m) allows the Court only to dismiss an action *without* prejudice for improper service of process. Plaintiff's argument is correct but irrelevant.

The Court dismissed Plaintiff's claims with prejudice not for improper service of process *per se* but, rather, as a sanction for the dishonest and abusive tactics that Plaintiff's counsel has employed in this case. Pursuant to FED. R. CIV. P. 41(b), the Court may dismiss Plaintiff's claim with prejudice for failure to comply with the Federal Rules or with an order of the Court. Dismissal with prejudice is appropriate "upon a showing of a clear record of delay or contumacious conduct by the plaintiff" and "where lesser sanctions would not serve the best interest of justice." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 n.3 (5th Cir. 2004) (internal quotations marks omitted). The recent history of this case reaffirms the Court's original finding that a lesser sanction than dismissal with prejudice would not effectively deter Plaintiff's counsel from engaging in further misconduct. Plaintiff's motion for reconsideration is, therefore, **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 30th day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**