IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID A. GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2097 |
| | § | |
| TRINH DANG LA, individually | § | |
| and d/b/a/ Fidelity National | § | |
| Title Insurance Company | § | |
| Fee Office #72, and | § | |
| FIDELITY NATIONAL TITLE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter was referred by United States District Judge Vanessa D. Gilmore for full pretrial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry # 51). On April 7, 2006, this court issued a recommendation to deny Defendant Trinh Dang La's ( "La") motion for summary judgment. (Memorandum and Recommendation to Deny Defendant's Motion for Summary Judgment, Docket Entry # 59). On May 5, 2006, La asked that the ruling be reconsidered. (Defendant Trinh Dang La's Objection to the Magistrate's Recommendation to Deny Motion for Summary Judgment and/or Motion for Reconsideration ["Motion for Reconsideration"], Docket Entry # 62). In her motion, La argues that the Texas law on res judicata governs her argument that the present federal court action is barred. (*See generally* Motion for Reconsideration). While the court agrees with that contention, the motion to reconsider is, nevertheless, denied.

Under Texas precedents, Plaintiff's claims cannot be precluded, as a matter of law, on this record. *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381-82 (1985); *Heller*

*Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 523 (5th Cir. 1996); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644 (Tex. 1996). In Texas, the doctrine of res judicata will preclude a claim only if there has been (1) a final judgment on the merits by a court of competent jurisdiction; (2) the parties are identical; and (3) the second action is based on the same claims that were, or could have been raised, in the previous action. *Amstadt*, 919 S.W.2d at 652. As the court observed earlier, here, Green's federal action is not subject to that doctrine because the state court order was not a final judgment on the merits of his discrimination claim. (Memorandum and Recommendation to Deny Defendant's Motion for Summary Judgment, Docket Entry # 59). The state court judge did not specify which claims were the subject of her summary judgment order. She did, however, make explicit reference to La's motion as the basis for her ruling. There is no question that La's state court pleading was absolutely silent on any claim made under the federal employment laws. (Defendant Trinh Dang La's Motion for No-Evidence Summary Judgment, Exhibit B, Docket Entry # 49-2). As a result, Plaintiff's § 1981 action was not clearly adjudicated by the state court, and at a minimum, there is a fact issue on whether the previous order was final on the merits of such a claim. For this reason alone, summary judgment is not proper under Rule 56 of the Federal Rules of Civil Procedure.

**CONCLUSION**

Accordingly, La's motion for reconsideration is DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have ten (10) days from the receipt of it to file written objections thereto, pursuant to 28 U.S.C. § 636(b)(1)(c), General Order 80-5, S.D. Texas. Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, **and** to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 16th day of May, 2006.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**